and verdict for the plaintiff. At the close of the evidence the defendant moved for a verdict. This motion was denied subject to exception.

Transferred from the September term, 1919, of the superior court by *Marble,* J.

*Lucier & Lucier,* for the plaintiff.

*Cobleigh & Cobleigh,* for the defendant.

PEASLEE, J. There was evidence from which it could be found that after a contract of conditional sale was made and while the plaintiff was not in default, the defendant wrongfully took the car from the plaintiff's possession, and refused to return it until the plaintiff paid the balance of the purchase price, which was not then due. The plaintiff was willing to pay if he could have the car, but the defendant insisted upon retaining possession. Upon these facts the plaintiff had an undoubted right to treat the contract as rescinded and recover the money he had paid. *Dow* v. *Harkin,* 67 N. H. 383, and cases cited.

The defendant's argument is based upon the assumption that his testimony is to be believed rather than the plaintiff's, and wholly disregards the elementary rule governing the disposition of a motion for a directed verdict.

*Exception overruled.*

All concurred.

---

Hillsborough, ⎱
Dec. 7, 1920. ⎰

## HIRAM B. CURRIER *v.* FRED SILKEY.

THE case was transferred from the May term, 1920, of the superior court upon an agreed statement of facts by *Marble,* J. The facts being considered insufficiently stated to raise the questions of law argued, the order was

*Case discharged.*

*Holman & Smith,* for the plaintiff.

*Nathaniel E. Martin,* for the defendant.